LATHAM & WATKINS LLP
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
(973) 639-1234

Attorneys for Defendant PricewaterhouseCoopers LLP (U.S.)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITE NATIONAL RETIREMENT FUND and PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, Derivatively on Behalf of ROYAL DUTCH PETROLEUM COMPANY and THE "SHELL" TRANSPORT AND TRADING COMPANY, P.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> PHILIP WATTS, JUDY BOYNTON, WALTER VAN DE VIJVER, FRANK COOPMAN, JEROEN VAN DER VEER, PAUL SKINNER, MAARTEN VAN DEN BERGH, ROBERT J. ROUTS, MALCOM BRINDED, MARK MOODY-STEWART, HENRY DE RUITER, LUIS GIUSTI, RONALD OXBURGH, AAD JACOBS. LAWRENCE RICCARDI, PETER BURT, MARY (NINA) HENDERSON, TEYMOUR ALIREZA, EILEEN BUTTLE, PETER JOB, JOHN KERR, WIM KOK, JOHNKHEER AARNOUT LOUDON, HUNERT MARKL, JAN TIMMER, ROBERT VAN DER VLIST, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED, PRICEWATERHOUSECOOPERS LLP (U.S.), PRICEWATERHOUSECOOPERS LLP (U.K.), KPMG LLP, KPMG INTERNATIONAL and KPMG ACCOUNTANTS, N.V., <br><br> Defendants, <br> - and - <br><br> ROYAL DUTCH PETROLEUM COMPANY AND THE SHELL TRANSPORT AND TRADING COMPANY, P.L.C., <br><br> Nominal Defendants. | DOCKET NO. _04 -3603 (DMC)_ <br><br> CIVIL ACTION <br><br> **NOTICE OF REMOVAL** <br><br><br> *RECEIVED - CLERK U.S. DISTRICT COURT 2004 JUL 28 P 3: 18* |

**TO:**    The Honorable Judges of the United States
District Court for the District of New Jersey

**PLEASE TAKE NOTICE** that Defendant PricewaterhouseCoopers LLP (U.S.) ("PwC U.S.") hereby removes this action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441, on the grounds that this court has original jurisdiction over this action under 28 U.S.C. § 1331, and has exclusive jurisdiction over this action under 15 U.S.C. § 78aa. In support of this removal, PwC U.S. states the following:

1.     On or about June 25, 2004, Plaintiffs the UNITE National Retirement Fund and the Plumbers and Pipefitters National Pension Fund ("Plaintiffs") filed a derivative complaint on behalf of Nominal Defendants Royal Dutch Petroleum Company and The "Shell" Transport and Trading Company, PLC ("Nominal Defendants") in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MIDL-4739-04.

2.     A copy of the Summons and Complaint was served on PwC U.S. on June 28, 2004, and on Defendant KPMG LLP ("KPMG U.S.") on June 29, 2004. KPMG U.S. has joined in the removal of this action, as reflected by the executed Joinder in Removal attached hereto as Exhibit A. On information and belief, no other Defendants have been served, and thus their consent is not required. See Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985).

3.     The Complaint alleges that twenty-six current and former directors and officers of Nominal Defendants, which co-own the "Shell Group" of companies, are liable for various torts relating to the Shell Group's recent restatement of certain oil and gas reserves. The Complaint further alleges that the remaining defendants, including PwC U.S. and KPMG U.S., are liable for aiding and abetting, and for professional negligence.

1

4.      Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this action because "a substantial federal issue . . . is an element, and an essential one, of the plaintiff's cause[s] of action." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002).

5.      The gravamen of the Complaint is that Defendants permitted the Shell Group to overstate its proved oil and gas reserves in violation of Rule 4-10(a) of Regulation S-X (17 C.F.R. § 210.4-10), which was issued by the Securities and Exchange Commission (the "SEC") pursuant to the Securities Exchange Act of 1934 (the "1934 Act"). Because Plaintiffs' state law claims, by their own terms, purportedly turn on the applicability and alleged violation of this federal rule, "the federal interest underlying [Plaintiffs'] claims is sufficiently substantial to 'arise under' federal law within the meaning of section 1331." D'Alessio v. New York Stock Exch., 258 F.3d 93, 104 (2d Cir. 2001) (state law tort claims properly removed because they raised substantial federal issue whether defendants violated rules enacted under 1934 Act).

6.      Pursuant to 15 U.S.C. § 78aa, this Court also has jurisdiction over this action because Plaintiff's claims and requested remedies are "partially predicated on a subject matter committed exclusively to federal jurisdiction." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

7.      Section 78aa gives federal courts exclusive jurisdiction over claims alleging violations of the 1934 Act or the rules and regulations issued thereunder. In addition to the alleged violation of Rule 4-10(a), issued under the 1934 Act, Plaintiffs allege at least three violations of the Sarbanes-Oxley Act of 2002 ("SOX"), which must "be treated for all purposes in the same manner as a violation of the [1934 Act]." 15 U.S.C. § 7202.

(a)     The Complaint alleges that three individual defendants falsely certified the Shell Group's 2002 Form 20-F in violation of the Sarbanes-Oxley Act ("SOX"), Compl. at ¶ 46, and were allegedly aided and abetted by most of the other defendants, id. at ¶¶ 74, 77-92, 94-96, 246. The SOX provision at issue is Section 302 (now codified as 15 U.S.C. § 7241), which directed the SEC to enact rules requiring certain certifications by corporate officers submitting financial reports. To effectuate Section 302, the SEC promulgated Rules 13a-14 (17 C.F.R. § 240.13a-14) and 15d-14 (17 C.F.R. § 240.15d-14) pursuant to the 1934 Act.

(b)     The Complaint repeatedly alleges that the individual defendants failed to impose, and the other defendants failed to recommend, appropriate internal disclosure, financial and accounting controls allegedly required by SOX. E.g., Compl. at ¶ 6. The Complaint also seeks as a remedy an order directing Nominal Defendants "to take all necessary actions to reform and improve their corporate governance and internal control procedures to comply with Sarbanes-Oxley. . . ." Compl. Prayer ¶ C. The SOX provision at issue here is Section 404 (now codified as 15 U.S.C. § 7262), which directed the SEC to enact rules requiring that annual reports filed in accordance with Sections 13(a) or 15(d) of the 1934 Act contain an internal control report. To effectuate Section 404, the SEC amended Rules 12b-15, 13a-14, 13a-15, 15d-14, and 15d-15 (17 C.F.R. § 240), revised Items 307, 401, and 601 of Regulations S-B (17 C.F.R. § 228.10 et seq.) and S-K (17 C.F.R. § 229.10 et seq.), and added new Item 308 to Regulations S-B and S-K pursuant to the 1934 Act.

(c)     The Complaint alleges that the Shell Group's Audit Committee violates SOX because the Committee is comprised of directors from Royal Dutch and

3

Shell Transport. Compl. ¶ 202. The SOX provision at issue here is Section 301, which amends Section 10A of the 1934 Act (now codified as 15 U.S.C. § 78f) to impose certain membership standards for audit committee members.

8.    Removal is proper under 28 U.S.C. § 1446(a) because this Notice is filed in the district court for the district and division within which this action is pending; is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; contains a short and plain statement of the grounds for removal; and has copies of all process, pleadings and/or orders served upon PwC U.S. attached hereto as Exhibit B.

9.    Removal is proper under 28 U.S.C. § 1446(b) because this Notice is being filed within thirty days of service of the Summons and Complaint, and PwC U.S. has not responded to the complaint.

10.    Removal is proper under 28 U.S.C. § 1446(d) because written notice, and a copy of this Notice, will promptly be served upon all adverse parties and filed with the clerk of the Superior Court of New Jersey, Law Division, Middlesex County. These notices are attached hereto as Exhibits C and D.

WHEREFORE, PwC U.S. removes this action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey.

LATHAM & WATKINS LLP

By: *Elissa Glasband*
Elissa Judith Glasband (EJG 5700)

Attorneys for Defendant
PricewaterhouseCoopers LLP (U.S.)

DATED: July 28, 2004

4