## SIXTH CAUSE OF ACTION

### Professional Negligence and Accounting Malpractice Against PWC and KPMG

232. Plaintiffs incorporate ¶¶1-205.

233. PWC and KPMG issued unqualified opinions on the 1998-2002 consolidated financial statements of Shell Transport, Royal Dutch and the Shell Group, stating that those financial statements were presented in accordance with GAAP based on PWC and KPMG audits which were performed in accordance with GAAS. GAAS, as approved and adopted by the American Institute of Certified Public Accountants, govern the conduct of audit engagements. In fact, the audit reports were false and misleading due to, among other things, PWC's and KPMG's failure to conduct the audits in accordance with GAAS and the fact that Shell Transport's, Royal Dutch's and the Shell Group's 1998-2002 financial statements were not prepared in conformity with GAAP. PWC's and KPMG's reports were in violation of GAAS, GAAP and SEC rules.

234. The objective of audits of financial statements by the independent auditor is the expression of an opinion on the fairness with which they present, in all material respects, financial position, results of operations, and cash flows in conformity with GAAP. The auditor's report is the medium through which he expresses his opinion or, if circumstances require, disclaims an opinion. In either case, he states his audit has been in accordance with GAAS. These standards require him to state whether, in his opinion, the

- 156 -

financial statements are presented in accordance with GAAP and to identify those circumstances in which such principles have not been consistently observed in the preparation of the financial statements of the current period in relation to those of the preceding period. AU §110.01.

235. GAAS as approved and adopted by the membership of the AICPA, are comprised of ten general standards. These standards to a great extent are interrelated and interdependent. The independent auditor is responsible for compliance with GAAS in an audit engagement. The ten general standards are as follows:

General Standards

1. The audit is to be performed by a person or persons having adequate technical training and proficiency as an auditor.

2. In all matters relating to the assignment, an independence in mental attitude is to be maintained by the auditor or auditors.

3. Due professional care is to be exercised in the performance of the audit and the preparation of the report.

Standards of Fieldwork

1. The work is to be adequately planned and assistants, if any, are to be properly supervised.

2. A sufficient understanding of the internal control structure is to be obtained to plan the audit and to determine the nature, timing and extent of tests to be performed.

3. Sufficient competent evidential matter is to be obtained through inspection, observation, inquiries, and confirmations to afford a reasonable basis for an opinion regarding the financial statements under audit.

Standards of Reporting

1. The report shall state whether the financial statements are presented in accordance with generally accepted accounting principles.

2. The report shall identify those circumstances in which such principles have not been consistently observed in the current period in relation to the preceding period.

3. Informative disclosures in the financial statements are to be regarded as reasonably adequate unless otherwise stated in the report.

4. The report shall either contain an expression of opinion regarding the financial statements, taken as a whole, or an assertion to the effect that an opinion cannot be expressed. When an overall opinion cannot be expressed, the reasons therefore should be stated. In all cases where an auditor's name is associated with financial statements, the report should contain a clear-cut indication of the character of the auditor's work, if any, and the degree of responsibility the auditor is taking.

236. PWC's and KPMG's audits of Shell Transport's, Royal Dutch's and the Shell Group's 1998-2002 financial statements violated each of the general standards.

237. PWC and KPMG are among the largest international firms of certified public accountants and are members of the AICPA. PWC and KPMG were the auditors of Shell Transport's, Royal Dutch's and the Shell Group's financial statements for 1998-2002. In addition, they performed timely reviews of several of the quarterly financial statements of Shell Transport, Royal Dutch and the Shell Group throughout this period. PWC and KPMG audited Shell Transport's, Royal Dutch's and the Shell Group's 1998-2002 financial statements and issued their audit opinions stating that those financial statements were fairly presented in accordance with GAAP and that

they had audited those financial statements in accordance with GAAS. Both of those statements were false. PWC and KPMG were aware of facts that undeniably precluded them from making of those statements at the time they were made. Shell Transport's, Royal Dutch's and the Shell Group's financial statements and PWC's and KPMG's opinions on them were then used by Shell Transport, Royal Dutch and the Shell Group with their consent to publicly disseminate their 1998-2002 financial results in the filing of their annual Forms 20-F with the SEC.

238. PWC and KPMG were negligent in failing to comply with GAAS as Shell Transport's, Royal Dutch's and the Shell Group's independent accountants. They issued unqualified opinions stating that the financial statements of Shell Transport, Royal Dutch and the Shell Group were fairly presented in accordance with GAAP, when they were aware of or should have been aware of facts and circumstances that undermined such unqualified opinions and rendered them false and misleading.

239. In the course of performing their audit services, the accountants obtained evidential matter revealing the adverse facts detailed above about Shell Transport's, Royal Dutch's and the Shell Group's oil and gas reserves and finances, but improperly failed to require them to adjust their financial statements or make disclosure of such facts. As a result of their investigations and audit work, the accountants knew that the reports and financial statements described herein were materially misleading or

- 159 -

negligently disregarded facts that showed that all such statements were materially misleading.

(a) The accountants knew or negligently disregarded facts that indicated that they should have: (i) qualified their opinions on Shell Transport's, Royal Dutch's and the Shell Group's financial statements for the years ended December 31, 1998-2002; or (ii) required them to adjust their financial statements; or (iii) refused to give an opinion in light of the materially adverse effects of the undisclosed facts about Shell Transport's, Royal Dutch's and the Shell Group's financial condition, including the material overstatement of proved oil reserves and future cash flows. The failure to make such qualification, correction, modification or withdrawal was a violation of GAAS, including the Fourth Standard of Reporting.

(b) The accountants failed to require Shell Transport, Royal Dutch and the Shell Group to disclose material adverse facts and allowed the companies to make material misrepresentations to their shareholders and to the investing public.

(c) The accountants violated GAAS General Standard No. 3 that requires that due professional care must be exercised by the auditor in performance of the examination and the preparation of the audit report.

(d) The accountants violated GAAS Standard of Field Work No. 2 that requires the auditor to make a proper study of existing internal controls, to determine whether reliance thereon was

justified, and if such controls are not reliable, to expand the nature and scope of the auditing procedures to be applied. The accountants, knowing that Shell Transport, Royal Dutch and the Shell Group's internal controls were insufficient, failed to expand their auditing procedures.

(e) The accountants violated GAAS Standard of Field Work No. 3 that requires sufficient competent evidential matter be obtained through inspection, observation, inquiries, and confirmations to afford a reasonable basis for an opinion to be issued on the subject financial statements. As described above, the accountants failed to obtain sufficient competent evidential matter as to the amounts of the Shell Group's oil and gas reserves.

(f) The accountants violated GAAS Standard of Reporting No. 1 that requires the audit report to state whether the financial statements are presented in accordance with GAAP. The accountants' opinions falsely represented that Shell Transport's, Royal Dutch's and the Shell Group's financial statements complied with GAAP, when the accountants knew or negligently disregarded that they did not for the reasons herein alleged.

(g) The accountants violated GAAS Standard of Reporting No. 4 that requires, when an opinion on the financial statements as a whole cannot be expressed, that the reasons be stated. The accountants should have either stated that no opinion could be issued by them on Shell Transport's, Royal Dutch's and the Shell

Group's financial statements or issued an adverse opinion stating that the financial statements were not fairly presented.

(h) The accountants violated Standard of Field Work No. 1 and the standards set forth in AU §§310, 320 and 327 by, among other things, failing to adequately plan their audit and properly supervise the work of their assistants so as to establish and carry out procedures reasonably designed to search for and detect the existence of errors and irregularities that would have a material effect upon the financial statements.

(i) The accountants violated SAS No. 16 in that they failed to perform their examination with an attitude of professional skepticism and, in connection with the year-end 1998-2002 audits, ignored numerous "red flags" that would reasonably have led to the discovery of the fraudulent overstatement of the Shell Group's oil and gas reserves and associated cash flows.

(j) The accountants violated AU §316.20, which requires that additional procedures should be performed when evaluation at the financial-statement level indicates significant risk.

(k) As a result of the foregoing, the accountants' certification of the 1998-2002 financial statements falsely represented that the statements were audited pursuant to GAAS and that Shell Transport's, Royal Dutch's and the Shell Group's financial statements were presented in conformity with GAAP. The accountants knew that such certification was false and misleading because, as detailed herein: (i) the accountants knew or were

negligent in not knowing that the companies' financial statements violated GAAP; and (ii) the accountants knew they had not complied with GAAS.

(1) As a result of the services rendered to Shell Transport, Royal Dutch and the Shell Group, PWC's and KPMG's personnel were present at their corporate headquarters and major operating offices and examined or participated in reviews, investigations and audit procedures regarding the financial condition, business operations and financial, accounting and management-control systems of Shell Transport, Royal Dutch and the Shell Group. In the course of performing such services, the accountants had virtually unlimited access to substantial evidential matter revealing the adverse facts about the oil and gas reserves and finances of Shell Transport, Royal Dutch and the Shell Group, but improperly failed to require adjustment for or disclosure of such facts.

240. The accountants: (a) knew or were negligent in not knowing of the material, adverse, non-public information about the financial statements of Shell Transport, Royal Dutch and the Shell Group, which was not disclosed; and (b) participated in drafting, reviewing, and/or approving the misleading statements, releases, reports, and other public representations of and about Shell Transport, Royal Dutch and the Shell Group pleaded herein, involving the SEC reports on Form 20-F.

- 163 -

241. In performing auditing and accounting services on behalf of Shell Transport, Royal Dutch and the Shell Group and engaging in the wrongful acts alleged herein, the accountants knew or should have known that their clients would, and did, transmit false and misleading financial information to the investing public. However, the accountants failed to discharge their duties in adherence to GAAP and GAAS to detect errors and irregularities.

242. In performing the auditing and accounting services to Shell Transport, Royal Dutch and the Shell Group in the manner alleged herein, the accounting firms owed a duty to Shell Transport, Royal Dutch and the Shell Group and their shareholders to use such skill, care and diligence as other members of its profession commonly exercised. The accountants, however, breached such duty by committing the wrongful acts and conduct alleged herein.

243. Shell Transport, Royal Dutch and the Shell Group relied to their detriment on the accountants and were damaged thereby.

244. As a direct, foreseeable and proximate result of the accountants' breach of duties owed to Shell Transport, Royal Dutch and the Shell Group, those entities were damaged.

### SEVENTH CAUSE OF ACTION

### Aiding and Abetting Breaches of Fiduciary Duty, Abuse of Control, Unjust Enrichment and Gross Mismanagement Against PWC and KPMG

245. Plaintiffs incorporate ¶¶1-231.

246. Defendants PWC and KPMG abetted the Individual Defendants in breaching their fiduciary obligations owed to Shell Transport, Royal Dutch and the Shell Group resulting in the wrongdoing and damages to those entities complained of herein. The accountants knew or should have known that the 1998-2002 SEC reports and financial statements contained therein were materially false and misleading. The accountants also knew, or should have known, that the false and misleading information would be used, in whole or in part, by Shell Transport, Royal Dutch and the Shell Group to prepare their publicly reported financial results and financial statements. Nevertheless, the accountants actively prepared the false and misleading information and thereby aided and abetted defendants' breaches of fiduciary duty and their abuse of control, gross mismanagement and violation of their duty of candor to the Shell Transport and Royal Dutch shareholders, complained of herein.

247. As a direct, foreseeable and proximate result of the accountants' aiding and abetting of defendants' breaches of fiduciary duty, Shell Transport, Royal Dutch and the Shell Group have been damaged.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment as follows:

A. Awarding money damages against all defendants, jointly and severally, for all losses and damages suffered as a result of the acts and transactions complained of herein, together with pre-

judgment interest, molded in a fashion to ensure defendants do not participate therein or benefit thereby;

B.  Directing all defendants to account for all damages caused by them and all profits and special benefits and unjust enrichment they have obtained as a result of their unlawful conduct, including all salaries, bonuses, fees stock awards, options and common stock sale proceeds and imposing a constructive trust thereon;

C.  Directing Shell Transport and Royal Dutch to take all necessary actions to reform and improve their corporate governance and internal control procedures to comply with Sarbanes-Oxley, including, but not limited to, putting forward for a shareholder vote resolutions for amendments to the companies' By-Laws or Articles of Incorporation and taking such other action as may be necessary to place before shareholders for a vote the following Corporate Governance Policies:

> (i)  a proposal for the unification of the two Boards;
>
> (ii) a proposal to simplify the corporate structure, strengthen the Boards' supervision of operations and develop and implement procedures for greater shareholder input into the policies and guidelines of the Boards;
>
> (iii) a provision to permit the shareholders of Royal Dutch and Shell Transport, and successor company(s), to nominate at least three candidates for election to the respective boards of directors or subsequent unified board;
>
> (iv) appropriately test and then strengthen the internal audit and control functions;
>
> (v)  control and limit insider stock selling; and

(vi) reform executive compensation.

D. Awarding punitive damages;

E. Awarding costs and disbursements of this action, including reasonable attorneys', accountants', and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury.

DATED: June 25, 2004

GREENBERG DAUBER EPSTEIN
  & TUCKER
MELVIN GREENBERG
RUSSELL S. BURNSIDE

*/s/ Russell S. Burnside*
RUSSELL S. BURNSIDE

One Gateway Center, Suite 600
Newark, New Jersey 07102
Telephone: 973/643-3700
973-643-1218 (fax)

LERACH COUGHLIN STOIA
  & ROBBINS LLP
WILLIAM S. LERACH
ARTHUR C. LEAHY
PATRICK W. DANIELS
MARY K. BLASY

*/s/ William S. Lerach*
WILLIAM S. LERACH

401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: 619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, Russell S. Burnside, Esq. is hereby designated trial counsel for plaintiff.

Ex C

LATHAM & WATKINS LLP
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
(973) 639-1234

Attorneys for Defendant PricewaterhouseCoopers LLP (U.S.)

| | |
|---|---|
| UNITE NATIONAL RETIREMENT FUND and PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, Derivatively on Behalf of ROYAL DUTCH PETROLEUM COMPANY and THE "SHELL" TRANSPORT AND TRADING COMPANY, P.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> PHILIP WATTS, JUDY BOYNTON, WALTER VAN DE VIJVER, FRANK COOPMAN, JEROEN VAN DER VEER, PAUL SKINNER, MAARTEN VAN DEN BERGH, ROBERT J. ROUTS, MALCOM BRINDED, MARK MOODY-STEWART, HENRY DE RUITER, LUIS GIUSTI, RONALD OXBURGH, AAD JACOBS. LAWRENCE RICCARDI, PETER BURT, MARY (NINA) HENDERSON, TEYMOUR ALIREZA, EILEEN BUTTLE, PETER JOB, JOHN KERR, WIM KOK, JOHNKHEER AARNOUT LOUDON, HUNERT MARKL, JAN TIMMER, ROBERT VAN DER VLIST, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED, PRICEWATERHOUSECOOPERS LLP (U.S.), PRICEWATERHOUSECOOPERS LLP (U.K.), KPMG LLP, KPMG INTERNATIONAL and KPMG ACCOUNTANTS, N.V., <br><br> Defendants, <br> - and - <br><br> ROYAL DUTCH PETROLEUM COMPANY AND THE SHELL TRANSPORT AND TRADING COMPANY, P.L.C., <br><br> Nominal Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY <br><br> DOCKET NO. MIDL-4739-04 <br><br> CIVIL ACTION <br><br> **NOTICE OF FILING OF NOTICE OF REMOVAL** |

TO: Melvin Greenberg, Esq.
Russell S. Burnside, Esq.
Greenberg Dauber Epstein & Tucker
One Gateway Center, Suite 600
Newark, New Jersey 07102

William S. Lerach, Esq.
Arthur C. Leahy, Esq.
Lerach Coughlin Stoia & Robbins LLP
401 B Street, Suite 1700
San Diego, California 92101-4297

**COUNSEL:**

**PLEASE TAKE NOTICE** that in the above-entitled action, Defendant PricewaterhouseCoopers LLP (U.S.), by their attorneys, Latham and Watkins LLP, have on this day filed a Notice of Removal, in the Office of the Clerk of the United States District Court for the District of New Jersey. You also are advised that the Defendant, upon filing of said Notice of Removal, filed a copy of the Notice with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County, which has effected this removal, in accordance with 28 U.S.C. §§ 1446(a) and 1446(b).

Dated: Newark, New Jersey
July 28, 2004

LATHAM & WATKINS LLP

By _Elissa Glasband_
Elissa Judith Glasband (EJG 5700)
Latham & Watkins LLP
One Newark Center
16th Floor
Newark, NJ 07101-3174
(973)639-1234

Attorneys for Defendant
PricewaterhouseCoopers LLP (U.S.)



Ex D

D

LATHAM & WATKINS LLP
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
(973) 639-1234

Attorneys for Defendant PricewaterhouseCoopers LLP (U.S.)

| | |
|---|---|
| UNITE NATIONAL RETIREMENT FUND and PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, Derivatively on Behalf of ROYAL DUTCH PETROLEUM COMPANY and THE "SHELL" TRANSPORT AND TRADING COMPANY, P.L.C., <br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>PHILIP WATTS, JUDY BOYNTON, WALTER VAN DE VIJVER, FRANK COOPMAN, JEROEN VAN DER VEER, PAUL SKINNER, MAARTEN VAN DEN BERGH, ROBERT J. ROUTS, MALCOM BRINDED, MARK MOODY-STEWART, HENRY DE RUITER, LUIS GIUSTI, RONALD OXBURGH, AAD JACOBS. LAWRENCE RICCARDI, PETER BURT, MARY (NINA) HENDERSON, TEYMOUR ALIREZA, EILEEN BUTTLE, PETER JOB, JOHN KERR, WIM KOK, JOHNKHEER AARNOUT LOUDON, HUNERT MARKL, JAN TIMMER, ROBERT VAN DER VLIST, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED, PRICEWATERHOUSECOOPERS LLP (U.S.), PRICEWATERHOUSECOOPERS LLP (U.K.), KPMG LLP, KPMG INTERNATIONAL and KPMG ACCOUNTANTS, N.V.,<br><br>　　　　　　　Defendants,<br>　　- and -<br><br>ROYAL DUTCH PETROLEUM COMPANY AND THE SHELL TRANSPORT AND TRADING COMPANY, P.L.C.,<br><br>　　　　　　　Nominal Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO. MIDL-4739-04<br><br>CIVIL ACTION<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL** |

TO: Clerk of the Court
Superior Court of New Jersey
Law Division: Middlesex County
Middlesex County Courthouse
3rd Floor Tower, 1 Kennedy Square
New Brunswick, New Jersey 08903-0964

**SIR/ MADAM:**

**PLEASE TAKE NOTE** that on July 28, 2004, Defendant PricewaterhouseCoopers LLP (U.S.), by its attorneys Latham & Watkins LLP, filed a Notice of Removal pursuant to 28 U.S.C. §§ 1446(a) and 1446(b) of the above-referenced action from the Superior Court of New Jersey, Law Division, Middlesex County, in which it is now pending, to the United State District Court for the District of New Jersey.

**PLEASE TAKE FURTHER NOTICE** that true copies of the Notice of Removal and the Certification of Filing of Notice of Removal and Service are attached as Exhibits I and II, respectively.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal and this Notice of Filing of Removal effects the removal of this action to the United States District Court for the District of New Jersey.

**LATHAM & WATKINS LLP**

By *Elissa Glasband*
Elissa Judith Glasband (EJG 5700)

Attorneys for Defendant
PricewaterhouseCoopers LLP (U.S.)

Dated: July 28, 2004.