Exhibit B to the Stipulation of Settlement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITE NATIONAL RETIREMENT FUND and PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, Derivatively on Behalf of ROYAL DUTCH PETROLEUM COMPANY and THE "SHELL" TRANSPORT AND TRADING COMPANY, PLC,<br><br>Plaintiffs,<br><br>v.<br><br>PHILIP WATTS, JUDY BOYNTON, WALTER VAN DE VIJVER, FRANK COOPMAN, JEROEN VAN DER VEER, PAUL SKINNER, MARTEN VAN DER BERGH, ROBERT J. ROUTS, MALCOLM BRINDED, MARK MOODY-STUART, HENNY DE RUITER, LUIS GIUSTI, RONALD OXBURGH, AAD JACOBS, LAWRENCE RICCIARDI, PETER BURT, MARY (NINA) HENDERSON, TEYMOUR ALIREZA, EILEEN BUTTLE, PETER JOB, JOHN KERR, WIM KOK, JONKHEER AARNOUT LOUDON, HUBERT MARKL, JAN TIMMER, ROBBERT VAN DER LIST, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED, PRICEWATERHOUSECOOPERS LLP (U.S.), PRICEWATERHOUSECOOPERS LLP (U.K.), KPMG LLP, KPMG INTERNATIONAL, and KPMG ACCOUNTANTS NV<br><br>Defendants,<br><br>and<br><br>THE "SHELL" TRANSPORT AND TRADING COMPANY, PLC and THE ROYAL DUTCH PETROLEUM COMPANY,<br><br>Nominal Defendants. | Civil Action No. 2:04-cv-03603 (DMC-MF) |

### PROPOSED ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE TO SHAREHOLDERS AND SETTING HEARING FOR FINAL APPROVAL OF THE SETTLEMENT

WHEREAS, pursuant to the United States Federal Rules of Civil Procedure 23.1, the parties to the above-captioned action have filed an uncontested application for preliminary approval of a proposed settlement and for entry of a hearing order in connection with the proposed settlement of the above-captioned Action and have attached as to their application the _____, 2005 Stipulation of Settlement and Exhibits, including a definitive set of corporate governance changes (Exhibit A), a proposed order preliminarily approving the settlement, directing notice of the proposed settlement to shareholders and setting a hearing for final approval of the settlement (Exhibit B), a proposed notice to be provided to shareholders (Exhibit C), a proposed final judgment (Exhibit D), a proposed order approving settlement (Exhibit E) and a proposed promissory note pursuant to which attorneys' fees and expenses will be paid (Exhibit F), which Stipulation of Settlement and Exhibits shall be collectively referred to as the "Settlement Agreement."

IT IS HEREBY ORDERED, as follows:

1. To the extent terms are not defined in this Order, this Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

2. A hearing (the "Fairness Hearing") will be held on _____, 2005, at _____ \_\_.m. in the United States District Court for the District of New Jersey,

Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101 to determine, among other things:

    a.    whether the proposed Settlement Agreement is fair, reasonable, adequate and in the best interests of the "Shell" Transport and Trading Company, plc and the Royal Dutch Petroleum Company (collectively, the "Companies") and their shareholders and should be approved by the Court;

    b.    to determine finally whether the form and method of the Notice implemented pursuant to the Settlement Agreement satisfies the requirements of the United States Federal Rules of Civil Procedure (including Rule 23.1), the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law and is sufficiently informative of the Settlement Agreement and the Fairness Hearing and gives sufficient opportunity for response to all persons or entities entitled to receive such notice;

    c.    to determine finally whether the plaintiff fairly and adequately represents the similarly-situated shareholders in enforcing the rights of the Companies;

    d.    whether the Final Judgment and Order Approving Settlement should be entered in this Action pursuant to the proposed Settlement Agreement;

    e.    whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

    f.    whether Plaintiffs, Stockholders and the Companies (whether acting on their own behalf or by and through their shareholders, or any of them), or any of their respective representatives, trustees, successors, heirs and assigns, should be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating to such claims and causes of action, that are released by the Settlement Agreement; and

    g.    any other matters, including the provision in the Settlement Agreement for payment by the Companies to Plaintiffs' Counsel of Attorneys' Fees and Expenses.

3.    The Court may adjourn the Fairness Hearing or any adjournment of the Fairness Hearing without further notice other than by announcement at the Fairness

Hearing or at any adjournment of the Fairness Hearing, to any persons or entities other than the Parties to this Action.

4. The Court may approve the Settlement Agreement and enter the Final Judgment and Order Approving Settlement after the Fairness Hearing or any adjournment of the Fairness Hearing, with or without modification, and to dismiss the Complaint on the merits and with prejudice with or without further notice to any persons or entities other than the Parties to this Action.

5. The Court finds that the proposed settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant providing notice of the Action and the proposed Settlement Agreement to shareholders and holding a Fairness Hearing on the Settlement Agreement.

6. No later than _____, 2005, forty-five (45) days before the Fairness Hearing, the Companies or their designee(s) shall cause notice of the Fairness Hearing substantially in the form filed with the Court as Exhibit C to the Settlement Agreement (the "Notice") to be published in the two national newspapers with the largest reported circulation in the United States, the Netherlands and the United Kingdom and the international editions of two newspapers. The Companies will pay for the costs associated with producing and publishing the Notice.

7. The Court finds that the form and method of notice specified in the Settlement Agreement satisfy the requirements of the United States Federal Rules of Civil Procedure (including Rule 23.1), the United States Constitutions (including the

Due Process Clause), the Rules of the Court, and any other applicable law, and is sufficiently informative of the Settlement Agreement and the Fairness Hearing and provides sufficient opportunity for response to all persons or entities entitled to receive such notice.

8. The Companies, at or before the Fairness Hearing, shall cause to be filed proof of the publication of the Notice.

9. The Companies are authorized to communicate with Stockholders about the Notice and the terms of the proposed Settlement Agreement, subject to the terms of Section V.B. of the Settlement Agreement, and to engage in any other communications within the normal course of the Companies' business.

10. Pending final determination by the Court of whether the Settlement Agreement should be approved, this Court preliminarily bars and enjoins Plaintiffs, the Stockholders and the Companies (whether acting on their own behalf or by and through its Stockholders, or any of them), or any of their respective representatives, trustees, successors, heirs and assignees, from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise) or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding or order against the Releasees in any jurisdiction based on or relating to the claims and causes of action that are released by the Settlement Agreement; *provided however*, that nothing in this Order shall enjoin shareholders or members of the alleged class in the Class Actions from participating in the Class Actions or receiving any relief awarded in the Class Actions.

11. Stockholders who wish to object to any aspect of the Settlement Agreement or proposed settlement, including its fairness, reasonableness or adequacy, or the payment of Attorneys' Fees and Expenses, must deliver to Plaintiffs' Counsel and Defendants' Counsel, and file with the Court, no later than 14 calendar days before the Fairness Hearing, a statement of his, her or its objection(s), as well as the specific reason(s), if any, for each objection, including any legal support the Stockholder wishes to bring to the Court's attention and any evidence the Stockholder wishes to introduce in support of his or her objection, or be forever barred from separately objecting. Stockholders may so object either on their own or through an attorney hired at their own expense. The Stockholder's statement (and any supporting papers) must be filed in writing with the Clerk of the Court, United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, and served by facsimile and/or next-day (excluding Sunday) express delivery service upon each of the following counsel:

*Counsel for Plaintiffs:*

Joy Ann Bull, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
Facsimile: 619-231-7423

***Counsel for Defendants:***
Ralph C. Ferrara, Esq.
LeBoeuf, Lamb, Greene & MacRae LLP
1875 Connecticut Ave N.W.
Washington, D.C. 20009
Facsimile: 202-986-8102

and

Jonathan R. Tuttle, Esq.
Debevoise & Plimpton LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Facsimile: 202-383-8118

12. Any attorney hired by a Stockholder for the purpose of objecting to the Settlement Agreement or the proposed settlement, must *(i)* file a notice of appearance with the Clerk of the Court no later than 14 calendar days before the Fairness Hearing, and *(ii)* deliver to Plaintiffs' Counsel and Defendants' Counsel no later than 14 calendar days before the Fairness Hearing a copy of the same.

13. Attendance at the Fairness Hearing is not necessary. However, any Stockholder who files and serves a timely written objection, pursuant to Paragraph 11, may appear at the Fairness Hearing, either in person or through personal counsel retained at the Stockholder's expense. Stockholders and their attorneys who intend to make an appearance at the Fairness Hearing must deliver to Plaintiffs' Counsel and Defendants' Counsel no later than 14 calendar days before the Fairness Hearing, a notice of intention to appear.

14. Any Stockholder who fails to comply with the requirements of Paragraphs 11-13 shall waive and forfeit any and all rights he, she or it may have to appear separately and/or object. Stockholders do not need to appear at the hearing or take any other action to indicate their approval.

15. Plaintiffs' Counsel and Defendants' Counsel are directed to promptly furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession. All papers in support of the Settlement, including attorneys' fees and expenses, shall be filed and served seven calendar days before the Fairness Hearing.

16. In the event that the Settlement Agreement is not fully and finally approved or does not become effective, then: (i) the Settlement Agreement shall be null and void and shall have no force or effect, and neither the Settlement Agreement nor any provision contained in the Settlement Agreement, nor any action undertaken pursuant to the Settlement Agreement, nor the negotiation of the Settlement Agreement by any party shall be deemed an admission or offered or received in evidence at any proceeding in this Action, the Related Derivative Actions or any other action or proceeding; and (ii) the Settlement Agreement, all of its provisions, and all negotiations, statements and proceedings relating to it shall be without prejudice to the rights of Plaintiffs and the Companies, all of whom shall be restored to their respective positions existing immediately before the execution of the Settlement Agreement.

17. In no event shall the Settlement Agreement nor this Order, nor any of the Settlement Agreement's provisions, or any negotiations, statements or court proceedings

relating to its provisions in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action, any other action, or any judicial, administrative, regulatory or other proceeding, except a proceeding to enforce this Agreement or in any subsequent action brought against any of the Releasees or the Companies in order to support a defense or counterclaim of the Releasees or the Companies of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim or issue preclusion or similar defense or counterclaim. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to the Companies and the Individual Defendants, or as a waiver by the Companies and/or the Individual Defendants of any applicable defense, or as a waiver by Plaintiffs or the Companies of any claims, causes of action or remedies.

18. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement, including a determination if the settlement should be approved as fair, reasonable and adequate.

So ordered this ___ day of _____, 2005

_____
THE HONORABLE DENNIS M. CAVANAUGH