Exhibit C to the Stipulation Of Settlement

UNITED STATES DISTRICT COURT
for the DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITE NATIONAL RETIREMENT FUND and PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, Derivatively on Behalf of ROYAL DUTCH PETROLEUM COMPANY and THE "SHELL" TRANSPORT AND TRADING COMPANY, PLC,<br><br>Plaintiffs,<br><br>v.<br><br>PHILIP WATTS, JUDY BOYNTON, WALTER VAN DE VIJVER, FRANK COOPMAN, JEROEN VAN DER VEER, PAUL SKINNER, MARTEN VAN DER BERGH, ROBERT J. ROUTS, MALCOLM BRINDED, MARK MOODY-STUART, HENNY DE RUITER, LUIS GIUSTI, RONALD OXBURGH, AAD JACOBS, LAWRENCE RICCIARDI, PETER BURT, MARY (NINA) HENDERSON, TEYMOUR ALIREZA, EILEEN BUTTLE, PETER JOB, JOHN KERR, WIM KOK, JONKHEER AARNOUT LOUDON, HUBERT MARKL, JAN TIMMER, ROBBERT VAN DER LIST, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED, PRICEWATERHOUSECOOPERS LLP (U.S.), PRICEWATERHOUSECOOPERS LLP (U.K.), KPMG LLP, KPMG INTERNATIONAL, and KPMG ACCOUNTANTS NV<br><br>Defendants,<br><br>and<br><br>THE "SHELL" TRANSPORT AND TRADING COMPANY, PLC and THE ROYAL DUTCH PETROLEUM COMPANY,<br><br>Nominal Defendants. | Civil Action No. 2:04-cv-03603 (DMC-MF) |

## NOTICE OF PENDENCY OF DERIVATIVE ACTION, PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING AND RIGHT TO APPEAR AND/OR OBJECT

TO:   ALL PERSONS OR ENTITIES WHO HOLD OR BENEFICIALLY OWN, DIRECTLY OR INDIRECTLY, COMMON STOCK, ADRs OR OTHER EQUITY SECURITIES OF ROYAL DUTCH SHELL plc ("ROYAL DUTCH SHELL") AS OF _____ (THE DATE OF THE HEARING ORDER)

YOU ARE HEREBY NOTIFIED that a hearing will be held before the United States District Court for the District of New Jersey (the "Court") in the Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101 on _____, 2005 at ___ a.m/p.m. (the "Fairness Hearing") to determine: (1) whether the proposed Settlement of the above-captioned Derivative Action should be approved by the Court as fair, just, reasonable and adequate; (2) whether the Plaintiff fairly and adequately represents the similarly-situated shareholders in enforcing the rights of Royal Dutch Shell; and (3) whether the Derivative Action should be dismissed with prejudice.

- The settlement will provide that Royal Dutch Shell will take such steps as necessary to adopt and implement the Corporate Governance Principles outlined in Exhibit A of the Settlement Agreement, which may be obtained at www.shell.com or www.lerachlaw.com.

- The settlement resolves a derivative lawsuit filed on behalf of the "Shell" Transport And Trading Company, plc and/or The Royal Dutch Petroleum Company (the "Companies") by shareholders of the Companies over whether the

- named individual defendants and third parties breached their fiduciary duties to the Companies, abused their control over the Companies, aided and abetted breaches by others, and/or committed gross mismanagement and/or constructive fraud.

- If the settlement is approved, your legal rights as a shareholder will be affected whether you act, or do not act. Read this Notice carefully.

Statement of Background of the Case

Plaintiffs, owners of equity securities in the Companies, filed the Action derivatively on behalf of the Companies against certain current and former directors of the Companies and certain third parties for alleged damages caused by the Defendants to the Companies in connection with the Companies' 2004 recategorisation of proved oil and gas reserves. The Companies disagree with Plaintiffs on a number of legal and factual issues relating to Plaintiffs' ability to bring and maintain a derivative claim on behalf of the Companies, and the Defendants deny the Plaintiffs' allegations of wrongdoing or liability.

Reason for the Settlement

The principal reason for the settlement is the benefit to be provided to Royal Dutch Shell now in the form of the Corporate Governance Principles that Royal Dutch Shell will adopt and implement as a result of the settlement. This benefit must be compared to the costs to Royal Dutch Shell of litigation and the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

Statement of Attorney's Fees and Costs

In recognition of the benefits provided to Royal Dutch Shell as a result of the prosecution and settlement of this Action, the Settlement provides that Shell agrees to pay counsel for UNITE National Retirement Fund and Plumbers and Pipefitters National Pension Fund (together "Plaintiffs") an award of Attorneys' Fees and Expenses in the amount of nine million, two hundred thousand dollars ("$9,200,000").

Right to Object to the Settlement

If you are a Stockholder, you can object to the proposed settlement if you do not like any part of it. You can give reasons why you think the Court should not approve the settlement and the Court will consider your views. To object to the proposed settlement, you must send a signed letter stating that you object to the proposed settlement in *Unite National Retirement Fund et al. v. Philip Watts, et al.*, Civil Action No. 2:04-cv-03603. Your objection must include your name, address, telephone number, list how many and what type of the Companies' securities you currently hold, and should state the specific reasons, if any for each such objection you make. Mail your objection to each of the addresses listed below, postmarked no later than _____, 2005. You may object either on your own or through an attorney hired at your own expense. If you hire an attorney, your attorney must file a notice of appearance with the Court and provide counsel for the parties with copies of the notice at the below addresses no later than _____, 2005. You or an attorney retained by you may, but are not required to, appear at the Fairness Hearing. If you or an attorney intend to appear at the Fairness Hearing, you or your attorney must file a notice of intent to appear with the Court and provide copies to counsel for the parties at the below addresses no later than _____, 2005. All objections and notices should be filed with the Court or provided to counsel for the parties at the following addresses:

| COURT | PLAINTIFFS' COUNSEL | CO-DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>For the District of New Jersey<br>Martin Luther King, Jr. Federal Building & U.S. Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07101 | Joy Ann Bull, Esq.,<br>Lerach Coughlin Stoia Geller Rudman & Robbins LLP,<br>401 B Street, Suite 1600<br>San Diego, CA 92101-4297<br>Facsimile: 619-231-7423 | Ralph C. Ferrara, Esq.<br>Leboeuf, Lamb, Greene & MacRae LLP<br>1875 Connecticut Avenue NW<br>Washington D.C. 20009<br>Facsimile: 202-986-8102<br><br>Jonathan R. Tuttle, Esq.<br>Debevoise & Plimpton LLP<br>555 13th Street NW Suite 1100E<br>Washington D.C. 20004<br>Facsimile: 202-383-8118 |

Further Information

Further information regarding the Action and this Notice, including copies of the Settlement Agreement and accompanying exhibits, may be obtained by contacting Plaintiffs' Counsel: Joy Ann Bull, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 401 B Street, Suite 1600, San Diego, CA 92101-4297, Telephone (619) 231-1058.

Effect of Court Approval of the Settlement Agreement

If the Settlement Agreement is approved by the Court, the Court will enter an Order and Final Judgment which, among other things, will provide that the plaintiffs and the Companies shall release and discharge the current and former directors and certain other "Releasees" consistent with the terms of the Release contained in the Settlement Agreement. It is the intent of the parties to the Action that the Settlement Agreement, if approved, shall extinguish for all time all rights, claims, and causes of action that are or relate to such claims against the Releasees. The Court will dismiss the Action with prejudice on the merits with respect to all Releasees.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

BY ORDER OF THE COURT:

_____

3