Exhibit D to the Stipulation of Settlement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITE NATIONAL RETIREMENT FUND and PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, Derivatively on Behalf of ROYAL DUTCH PETROLEUM COMPANY and THE "SHELL" TRANSPORT AND TRADING COMPANY, PLC,<br><br>        Plaintiffs,<br><br>v.<br><br>PHILIP WATTS, JUDY BOYNTON, WALTER VAN DE VIJVER, FRANK COOPMAN, JEROEN VAN DER VEER, PAUL SKINNER, MARTEN VAN DER BERGH, ROBERT J. ROUTS, MALCOLM BRINDED, MARK MOODY-STUART, HENNY DE RUITER, LUIS GIUSTI, RONALD OXBURGH, AAD JACOBS, LAWRENCE RICCIARDI, PETER BURT, MARY (NINA) HENDERSON, TEYMOUR ALIREZA, EILEEN BUTTLE, PETER JOB, JOHN KERR, WIM KOK, JONKHEER AARNOUT LOUDON, HUBERT MARKL, JAN TIMMER, ROBBERT VAN DER LIST, PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED, PRICEWATERHOUSECOOPERS LLP (U.S.), PRICEWATERHOUSECOOPERS LLP (U.K.), KPMG LLP, KPMG INTERNATIONAL, and KPMG ACCOUNTANTS NV<br><br>        Defendants,<br><br>   and<br><br>THE "SHELL" TRANSPORT AND TRADING COMPANY, PLC and THE ROYAL DUTCH PETROLEUM COMPANY,<br><br>        Nominal Defendants. | Civil Action No. 2:04-cv-03603 (DMC-MF) |

## FINAL JUDGMENT

1. Consistent with the terms of the Order Approving Derivative Settlement entered on _____, 2005, (the "Approval Order"), the settlement of this derivative action on the terms set forth in the parties' _____, 2005 Stipulation of Settlement, with exhibits (collectively, the "Settlement Agreement), is approved as fair, reasonable and adequate and consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law, and in the best interests of the Royal Dutch Petroleum Company and The "Shell" Transport And Trading Company, Plc (collectively, the "Companies") and their Stockholders. Unless otherwise defined in this Final Judgment, the capitalized terms in the Final Judgment have the same meaning as they have in the Settlement Agreement.

2. The Court finds no just reason for delay in entering Final Judgment as to the Companies and the Individual Defendants in accordance with the terms of the Settlement Agreement and the Order Approving Derivative Settlement.

3. The Settlement Agreement is binding on – and, as to all claims and issues that have or could have been raised in this Action, has *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of – the Parties, as well as their past, present and future parents, subsidiaries, predecessors, successors, assigns and affiliates, and each of their respective past, present and future officers, directors, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity controlled by or controlling or under the control of any of them.

4.      The Court hereby permanently bars and enjoins Plaintiffs, the Stockholders and the Companies (whether acting on their own behalf or by and through their Stockholders, or any of them), or any of their respective representatives, trustees, successors, heirs and assigns, from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order against the Releasees in any jurisdiction based on or relating to the claims and causes of action that are released by the Settlement Agreement; *provided however*, that nothing in the Settlement Agreement shall preclude Stockholders or members of the alleged class in the Class Actions from participating in the Class Actions or receiving or participating in relief, if any, awarded in the Class Actions.

5.      The claims in this Action are dismissed on the merits and with prejudice according to the terms (including the Release) set forth in the Settlement Agreement and in the Order Approving Derivative Settlement, without costs to any party except as provided therein.

6.      The Court retains continuing and exclusive jurisdiction over this Action for the reasons and purposes, and subject to the conditions, set forth in the Court's Order Approving Derivative Settlement.

FINAL JUDGMENT is hereby entered with respect to the Companies and Individual Defendants in accordance with Federal Rule of Civil Procedure 58 this _____ day of _____, 2005.

_____
THE HONORABLE DENNIS M. CAVANAUGH