(EXHIBIT F TO STIPULATION OF SETTLEMENT)

# PROMISSORY NOTE

$_____                                                     [Location]
                                                                [DATE]

THIS PROMISSORY NOTE (the "Note") is made and dated as of the date first set forth above by William S. Lerach, on behalf of himself and the firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP and by Joseph H. Weiss, on behalf of himself and the firm of Weiss & Lurie (collectively and individually, the "Promisors"), in respect of the following facts:

## RECITALS

A.   Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Weiss & Lurie are lead Plaintiffs' Counsel in the shareholder derivative action captioned *UNITE National Retirement Fund, Plumbers and Pipefitters National Pension Fund, derivatively on behalf of Royal Dutch Petroleum Company and The "Shell" Transport and Trading Company, plc v. Watts, et. al*, Civil Action No. 2:04-cv-03603 (DMC-MF) (United States District Court for the District of New Jersey) (the "Action") and the Related Derivative Actions.

B.   The Action was settled, and the settlement was memorialized in a Stipulation of Settlement dated July __ 2005, and in documents executed by the Parties to implement the settlement (collectively, the "Settlement Agreement").[1]

C.   In its Order Approving Settlement entered in the Action on _____, 2005, the Court approved the proposed settlement of the Action, including payment by the Companies of Attorneys' Fees and Expenses to Plaintiffs' Counsel.

D.   The Order Approving Settlement approved the Companies' payment of Attorneys' Fees and Expenses in the amount of $9,200,000.00 (the "Attorneys' Fees and Expenses") to Plaintiffs' Counsel and directed the Companies to pay the total amount of $9,200,000.00 within 10 business days after the Approval Date.

E.   Under the Settlement Agreement, the Companies' obligation to pay the Attorneys' Fees and Expenses to Plaintiffs' Counsel is conditioned upon the Promisors' agreement that if the Final Judgment and Order Approving Settlement are reversed, vacated, modified and/or remanded for further proceedings or otherwise disposed of in any manner other than one resulting in an affirmance of the Final Judgment and Order

---

[1] To the extent not specifically defined in this Promissory Note, capitalized terms shall have the meanings and definitions assigned to them in the Settlement Agreement.

Approving Settlement, *and* if the Companies properly and timely terminate the Settlement Agreement in accordance with Section XI.B of the Settlement Agreement or if Derivative Final Settlement Date does not occur for any reason, then Promisors shall within 10 business days return to the Companies the Attorneys' Fees and Expenses with Interest at the Interest Rate; and

F.   As a condition precedent to the agreement of the Companies conditionally to pay the Attorneys' Fees and Expenses, the Promisors are required to execute this Promissory Note to evidence their obligation to repay the amount thereof on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the above Recitals and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and subject to receipt by Promisors, on behalf of Plaintiffs' Counsel, of $9,200,000.00 in immediately available funds, the Promisors jointly and severally agree as follows:

**AGREEMENT**

1.   The Promisors jointly and severally promise to pay to the order of the Companies or such other entity as they shall designate, in legal money of the United States of America and immediately available funds, the amount set forth in subparagraphs (a) or (b) below, as applicable (the "Principal Amount"), as follows:

   (a)   The amount of $9,200,000.00 shall become due and payable to the Companies within 10 business days after termination of the Settlement Agreement, regardless of the then-current status of the implementation of the terms of the Settlement Agreement, if any appeal from the Final Judgment and Order Approving Settlement or other process results in a reversal (in whole or in part), vacation, modification and/or remand for further proceedings, or other disposition of the Final Judgment and Order Approving Settlement other than an affirmance of the Final Judgment and Order Approving Settlement, and the Companies properly and timely terminate the Settlement Agreement pursuant to section XI.B of the Stipulation, or if the Derivative Final Settlement Date does not occur for any reason.

2.   The Principal Amount payable hereunder shall accrue and include interest, from the date the Award is received by Promisors in immediately available funds until the date it is paid in full pursuant to this Note, at the Interest Rate defined in the Settlement Agreement, said interest to be payable in legal money of the United States of America and immediately available funds as of the required date of payment of such Principal Amount.

3.   Upon the occurrence of any of the following (an "Event of Default"):

(a) Any proceeding under any bankruptcy, insolvency, reorganization, liquidation or other debtor-relief-related statute shall be begun by or against any of the Promisors; or

(b) Any of the Promisor law firms, Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Weiss & Lurie, shall fail to maintain its existence or shall cease to be actively engaged in the practice of law; or

(c) Any of the Promisors shall sell, assign, transfer or otherwise dispose of any material portion of his, her or its assets other than in the ordinary course of business and for fair consideration, or enter into any agreement in contemplation of such disposition; or

(d) Any of the Promisors shall default in the payment of principal or interest on any indebtedness, including, without limitation, any guaranty or other contingent financial obligation, in an aggregate amount for any Promisor in excess of $500,000.00; or

(e) Any one or more judgments, attachments, governmental tax liens or levies in excess of $500,000.00 in the aggregate for any Promisor shall be entered against any such person or entity or filed against his, her or its property and assets and shall not have been vacated, discharged, stayed, satisfied or bonded pending appeal within thirty (30) days from the entry thereof,

THEN:

automatically upon the occurrence of an Event of Default under subparagraph (a) above and, in all other cases, upon written notice given by overnight courier or messenger service, by the Companies in their sole and absolute discretion, the Promisors shall no later than 10 business days thereafter post a bond, letter of credit or other form of security acceptable to the Companies in the amount of the $9,200,000.00 previously paid to Promisors on account of the Award.

4. Each Promisor agrees to give the Companies prompt notice of the occurrence of an Event of Default; *provided however*, that the failure of a Promisor to provide such notice shall not in any manner or to any extent affect the right of the Companies to seek acceptable security from Promisors upon the occurrence of an Event of Default as permitted under Paragraph 3 above immediately upon the occurrence thereof.

5. In the event that the Companies for cause deem it necessary to refer this Note to an attorney for enforcement hereof, the Promisors agree to pay upon demand reasonable attorneys' fees, together with all costs and expenses of any such enforcement proceeding, whether or not an action or proceeding has been commenced.

6. Except as expressly provided herein, the undersigned waives presentment, demand and notice of protest.

7. IN ANY LITIGATION, LAWSUIT, ACTION OR PROCEEDING THAT ARISES OUT OF OR RELATES TO THE ENFORCEMENT OF THIS NOTE, THE PROMISORS WAIVE THE RIGHT TO INTERPOSE ANY DEFENSES, SET-OFF OR COUNTERCLAIM OF ANY NATURE OR DESCRIPTION.

8. ANY LEGAL ACTION OR PROCEEDING WITH RESPECT TO THIS NOTE OR THE OBLIGATIONS SHALL BE BROUGHT IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, AND BY EXECUTION AND DELIVERY OF THIS NOTE THE PROMISORS CONSENT, FOR THEMSELVES AND FOR THEIR PROPERTY, TO THE EXCLUSIVE JURISDICTION OF THAT COURT. THE PROMISORS HEREBY IRREVOCABLY WAIVE ANY OBJECTION, INCLUDING ANY OBJECTION TO THE LAYING OF VENUE OR BASED ON THE GROUNDS OF <u>FORUM NON CONVENIENS</u>, THAT THEY MAY NOW OR HEREAFTER HAVE TO THE BRINGING OF ANY ACTION OR PROCEEDING IN SUCH JURISDICTION IN RESPECT OF THIS NOTE OR THE OBLIGATIONS.

9. Neither the Companies nor the Promisors shall, by any act, delay, omission or otherwise, be deemed to have waived any of its or their rights or remedies hereunder, and no waiver whatsoever shall be valid unless it is in writing, signed by the Companies or the Promisors, as applicable, and then only to the extent set forth therein.

10. This Note shall be governed and construed in accordance with the laws of the State of New Jersey, without giving effect to its choice-of-law rules.

11. The Promisors hereby represent and warrant to the Companies that:

(a) The Promisors have full power and authority under applicable law, and have taken all partnership and other action necessary, to enter into and perform this Note;

(b) The individuals signing this Note are duly authorized and empowered to execute and deliver this Note on behalf of the Promisors;

(c) No consent, approval, authorization of or registration, declaration or filing with any person is required on the part of the Promisors or any other person in connection with the execution and delivery of this Note and the performance of the Obligations hereunder; and

(d) This Note constitutes the legal and binding obligation of the Promisors, enforceable against the Promisors, and each of them, in accordance with its terms.

12. The rights and obligations of the Promisors hereunder may not be transferred or assigned without the prior written consent of the Companies, and any purported transfer or assignment without such consent shall be automatically deemed null and void.

13. This Note shall bind the respective partners, successors and permitted assigns of the Promisors.

14. Notwithstanding anything herein to the contrary, this Note shall be canceled, the obligation satisfied, and all amounts due hereunder, including principal and interest, if any, shall be deemed satisfied if the Derivative Final Settlement Date (as defined in the Stipulation of Settlement) occurs. In such event, the Companies will return this Note to Promisors.

WILLIAM S. LERACH, ESQ., INDIVIDUALLY AND
ON BEHALF OF LERACH, COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP

By:_____
    William S. Lerach, Esq.

JOSEPH H. WEISS, ESQ., INDIVIDUALLY AND
ON BEHALF OF WEISS & LURIE

By:_____
    Joseph H. Weiss, Esq.