UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITE NATIONAL RETIREMENT FUND, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILIP WATTS, et al.,<br><br>Defendants. | No. 04-CV-3603-(DMC) (MF)<br><br>ORDER APPROVING DERIVATIVE SETTLEMENT<br><br>DATE:   October 21, 2005<br>TIME:    9:30 a.m.<br>COURTROOM: The Honorable<br>                    Dennis M. Cavanaugh |

WHEREAS, the Parties entered into a July 22, 2005 Stipulation of Settlement ("Settlement Agreement") of the above-captioned action (the "Action"), which (together with all of its exhibits) is fully and entirely incorporated herein by reference; and

WHEREAS, the Court entered an August 11, 2005 Order Preliminarily Approving Settlement, Directing Notice to Shareholders and Setting Hearing for Final Approval of the Settlement (the "Hearing Order"), preliminarily finding that the proposed settlement is sufficient to warrant publishing notice to Stockholders, ordering publication notice to the Companies' Stockholders, scheduling a Fairness Hearing and providing those persons identified as Stockholders with an opportunity either to exclude themselves from the settlement or to object to the proposed settlement; and

WHEREAS, this Court held a Fairness Hearing on October 21, 2005, pursuant to the Court's Hearing Order; it appearing that due notice of such hearing has been given in accordance with the Hearing Order (the "Notice"); the Court having heard and considered evidence in support of the proposed Settlement Agreement; the respective parties having appeared and been heard through their attorneys of record at the hearing; an opportunity to be heard having been given to all other persons or entities requesting to be heard in accordance with the Hearing Order; the Court having determined that notice of the Settlement Agreement provided pursuant to the Hearing Order was adequate and sufficient and constituted the best practicable notice; the

- 2 -

Court having made an express determination that there is no just reason for delay; and the entire matter of the proposed Settlement Agreement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this ___ day of _____, 2005 as follows:

1. For purposes of this Order Approving Derivative Settlement, the Court adopts and incorporates by reference the definitions in the Settlement Agreement.

2. Plaintiffs have held stock in one or both of the Companies continuously since the commencement of this Action and otherwise have standing to prosecute this Action on behalf of the Companies and their Stockholders.

3. This Court has jurisdiction to approve the Settlement Agreement.

4. The Settlement Agreement and the proposed settlement are approved as fair, reasonable and adequate, consistent and in compliance with all applicable requirements of United States law, including the United States Constitution (including the Due Process Clause), the Federal Rules of Civil Procedure, the Rules of the Court, and any other applicable law, and are in the best interests of the Companies and their Stockholders.

5. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and provisions.

6. The Settlement Agreement is binding on – and, as to all claims and issues that have or could have been raised in this Action, has *res judicata* and other

preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of – the Parties, as well as their past, present and future parents, subsidiaries, predecessors, successors, assigns and affiliates, and each of their respective past, present and future officers, directors, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity controlled by or controlling or under the control of any of them.

7.  The Companies have filed with the Court proof of publishing the Notice consistent with the directive in the Hearing Order. The Court finds that the Notice provided to the Companies' Stockholders pursuant to, and in the manner directed by, the Hearing Order (i) was reasonably calculated, under the circumstances, to fully and accurately inform the Companies' Stockholders of the pendency of the Action, all material elements of the Action, the proposed Settlement Agreement, their right to object to the proposed Settlement Agreement and their right to appear and be heard in connection with the Court's consideration of the fairness, reasonableness and adequacy of the Settlement Agreement and (ii) constituted valid, due and sufficient notice to all of the Companies' Stockholders in this Action.

8.  The Notice provided to the Companies' Stockholders in this Action and the manner in which the Notice was published, constituted the best practicable notice and satisfied the requirements of the Federal Rules of Civil Procedure (including Rule

23.1), the United States Constitution (including the Due Process Clause) and any other applicable law.

9. Plaintiffs' Counsel and Plaintiffs brought the Action in good faith and have adequately represented the interests of the Companies and their Stockholders for purposes of entering into and implementing the settlement.

10. The text of the Release is expressly incorporated in all respects and in its entirety, and forever discharges the Releasees from any claims or liabilities arising from or relating to the matters covered by the Release as follows:

(a) Plaintiffs and the Companies hereby release and discharge the Releasees from, and shall not now or hereafter institute, participate in, maintain, maintain a right to, or assert against the Releasees, either directly or indirectly, derivatively, on their own behalf, or on behalf of any other person or entity, any and all causes of action, claims, damages, awards, equitable, legal and administrative relief, interest, demands or rights, including, without limitation, claims for rescission, restitution, unjust enrichment or all damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, that have been, could have been or might hereafter be alleged or asserted by Plaintiffs or the Companies against the Releasees or any of them in this Action, the Related Derivative Actions, or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body that relate in any way, directly or indirectly, to the allegations

- 4 -

contained in the Complaint or in any of the complaints filed in the Related Derivative Actions, including, without limitation:

(i) any or all of the acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations that have been, may be or could be directly or indirectly alleged, asserted, described, set forth or referred to in this Action or the Related Derivative Actions;

(ii) any SEC filing by any of the Releasees for the period 1997 through the date of this Agreement;

(iii) any forward-looking statement made by any of the Releasees for the period 1997 through the date of this Agreement;

(iv) any disclosures of any sort made by any of the Releasees for the period 1997 through the date of this Agreement;

(v) the Companies' hydrocarbon reserve and financial reporting and/or accounting practices for the period 1997 through the date of this Agreement, including without limitation any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations made or allegedly made in connection with or directly or indirectly relating to the Companies' financial statements, supplemental hydrocarbon reserve disclosures and/or internal financial controls, record-keeping or reporting mechanisms;

(vi) the salaries, bonuses, and termination or other payments paid to the Companies' present and former executives and/or directors (i) at any time

- 5 -

before the date on which this Release becomes effective or (ii) if paid pursuant to an obligation entered into by the Companies before the date on which this Release becomes effective, then at any future time;

    (vii)  the Boards' supervision and oversight of the Companies' management and affairs during the period of 1997 through the date of this Agreement;

    (viii)  all claims relating in any way, directly or indirectly, to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations in connection with the Settlement Agreement or the settlement of this Action (including, without limitation, all claims respecting the negotiation and execution of this Agreement);

    (ix)  except as provided in this Agreement, any and all claims for attorneys' fees, expert witness fees and/or other costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs in this Action or in the Related Derivative Actions, or by Plaintiffs in this Action, or any of them, in connection with or in any way related to this Action and/or the settlement of this Action; and/or

    (x)  any breaches of fiduciary duty (or other duty placed upon corporate directors and officers by common law or statute) and/or obligations under federal or state law, including the United States securities laws.

    (b)  Notwithstanding any other provision of this Section, nothing in this Release shall be deemed to release the claims currently pending in the Class Actions

or preclude Plaintiffs or Stockholders who are members of any certified class in the Class Actions from participating in any relief awarded in the Class Actions.

(c) Notwithstanding any other provision of this Section, nothing in this Release shall be deemed to release claims, if any, that the Companies may have against any Releasee who files, commences, prosecutes, intervenes in, or otherwise participates in, any action or proceeding against the Companies, or who asserts any claims (including for contribution or indemnity) against the Companies in any action or proceeding.

(d) Plaintiffs and the Companies expressly understand that principles of law in some jurisdictions, such as Section 1542 of the Civil Code of the State of California, provide that a general release does not extend to claims that a creditor does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, must have materially affected his settlement with the debtor. To the extent that, as a result of or notwithstanding the choice of law provisions in the Settlement Agreement, California or other law may be applicable, Plaintiffs and the Companies expressly waive with respect to Releasees all rights afforded by Section 1542 and all similar federal, state or foreign laws, rights, rules, or legal principles which may be applicable herein, and Plaintiffs and the Companies hereby agree and acknowledge that this is an essential term of this Release. Section 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Notwithstanding the provisions of Section 1542 and all similar federal, state or foreign laws, rights, rules, or legal principles which may be applicable herein, and for the purpose of implementing a full and complete release, Plaintiffs and the Companies understand and agree that this Release is intended to include all claims, if any, which Plaintiffs and/or the Companies may have and which Plaintiffs and/or the Companies do not now know or suspect to exist in their favor against the Releasees, and that this Release extinguishes those claims.

(e) In connection with this Release, Plaintiffs and the Companies acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the intention of Plaintiffs and the Companies in executing this Release fully, finally and forever to settle and release all such matters, and all claims relating thereto, that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the matters released.

(f) Nothing in this Release shall preclude any action to enforce the terms of this Agreement.

(g)     Notwithstanding any other provision of this Section, nothing in this Release shall preclude any action by the Companies against any of the Individual Defendants or other Releasees to: (i) enforce the provisions of any severance or related compromise agreement between the Companies or any affiliates and an Individual Defendant that require the Individual Defendant to cooperate with the Companies and relevant governmental authorities; or (ii) to recover attorney's fees and other expenses advanced to an Individual Defendant if that Individual Defendant is ultimately determined not to have met the applicable standards for indemnification under relevant law.

(h)     Plaintiffs and the Companies hereby agree and acknowledge that the provisions of this Release together constitute an essential term of the Settlement Agreement.

11.     The Court hereby permanently bars and enjoins Plaintiffs, the Stockholders and the Companies (whether acting on their own behalf or by and through their Stockholders, or any of them), or any of their respective representatives, trustees, successors, heirs and assigns, from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order against the Releasees in any jurisdiction based on or relating to the claims and causes of action that are released by the Settlement Agreement; ***provided however***, that nothing in the Settlement Agreement shall

preclude Stockholders or members of the alleged class in the Class Actions from participating in the Class Actions or receiving or participating in relief, if any, awarded in the Class Actions.

12. This Order, the Final Judgment, the Settlement Agreement (whether or not consummated) any of its terms and provisions, any of the negotiations or proceedings connected with it, any of the documents or statements referred to in it, and any proceedings taken pursuant to it:

(a) shall not be offered or received against any of the Individual Defendants or the Companies as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Individual Defendants or the Companies with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Individual Defendants or the Companies;

(b) shall not be offered or received against any of the Individual Defendants or the Companies as evidence of a presumption, concession or admission of fault, misrepresentation or omission with respect to any statement or written document approved or made by any Individual Defendant or the Companies;

(c) shall not be offered or received against the Individual Defendants or the Companies as evidence of a presumption, concession or admission with respect

to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; ***provided however***, that if the Settlement Agreement is approved by the Court, this Order Approving Derivative Settlement, the accompanying Final Judgment or the Settlement Agreement may be filed in any action against or by any Individual Defendant or the Companies to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim;

      (d)    shall not be construed against the Individual Defendants or the Companies as an admission or concession that the consideration to be given hereunder represents relief which could be or would have been granted after trial; and

      (e)    shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that Plaintiffs would not have been able to prevail on the claims in the Complaint.

      13.    Without affecting the finality of this Order Approving Derivative Settlement for purposes of appeal, the Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and all exhibits attached to the Settlement Agreement,

the Final Judgment and Order Approving Derivative Settlement and for any other necessary purpose; provided however, that nothing in this subsection shall restrict the ability of the Parties to exercise their rights under paragraph 14.

14. The terms and provisions of the Settlement Agreement and all exhibits attached to the Settlement Agreement may be amended, modified or expanded by agreement of the Parties and approval of the Court; provided however, that the Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached to the Settlement Agreement as (i) are consistent with the Final Judgment and this Order Approving Derivative Settlement and (ii) do not limit the rights of Plaintiffs, the Companies and/or their Stockholders under the Settlement Agreement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

15. As a unitary part of the settlement, Plaintiffs' Counsel are hereby awarded $9,200,000 in Fees and Expenses, which sum the Court finds to be fair and reasonable and a recognition of the benefits provided to the Companies as a result of the prosecution and settlement of the Action.

16. Neither the Companies nor Individual Defendants, nor any of their respective past, present and future parents, subsidiaries, predecessors, successors and assigns, nor any of their respective past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs,

administrators, executors, insurers, predecessors, successors and assigns, or any of them, shall be liable for or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in connection with this Action, the Settlement Agreement, or the proposed settlement, other than as expressly provided for in the Settlement Agreement.

17. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and provisions.

18. The Court is contemporaneously entering the accompanying Final Judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED: _____   _____
                          THE HONORABLE DENNIS M. CAVANAUGH

S:\Settlement\Royal Dutch Shell.set\ORD 00025128.doc