CLOSED

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITE NATIONAL RETIREMENT FUND, et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>PHILIP WATTS, et al.,<br><br>                Defendants. | No. 04-CV-3603-(DMC) (MF)<br><br>FINAL JUDGMENT<br><br>DATE: October 21, 2005<br>TIME: 9:30 a.m.<br>COURTROOM: The Honorable<br>                Dennis M. Cavanaugh |

1.    Consistent with the terms of the Order Preliminarily Approving Settlement, Directing Notice to Shareholders and Settling Hearing for Final Approval of the Settlement, entered on August 11, 2005, (the "Approval Order"), the settlement of this derivative action on the terms set forth in the parties' July 22, 2005 Stipulation of Settlement, with exhibits (collectively, the "Settlement Agreement), is approved as fair, reasonable and adequate and consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law, and in the best interests of the Royal Dutch Petroleum Company and The "Shell" Transport and Trading Company, plc (collectively, the "Companies") and their Stockholders. Unless otherwise defined in this Final Judgment, the capitalized terms in the Final Judgment have the same meaning as they have in the Settlement Agreement.

2.    The Court finds no just reason for delay in entering Final Judgment as to the Companies and the Individual Defendants in accordance with the terms of the Settlement Agreement and the Approval Order.

3.    The Settlement Agreement is binding on – and, as to all claims and issues that have or could have been raised in this Action, has *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of – the Parties, as well as their past, present and future parents, subsidiaries, predecessors, successors, assigns and affiliates, and each of their

respective past, present and future officers, directors, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity controlled by or controlling or under the control of any of them.

4. The Court hereby permanently bars and enjoins Plaintiffs, the Stockholders and the Companies (whether acting on their own behalf or by and through their Stockholders, or any of them), or any of their respective representatives, trustees, successors, heirs and assigns, from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order against the Releasees in any jurisdiction based on or relating to the claims and causes of action that are released by the Settlement Agreement; ***provided however***, that nothing in the Settlement Agreement shall preclude Stockholders or members of the alleged class in the Class Actions from participating in the Class Actions or receiving or participating in relief, if any, awarded in the Class Actions.

5. The claims in this Action are dismissed on the merits and with prejudice according to the terms (including the Release) set forth in the Settlement Agreement and in the Approval Order, without costs to any party except as provided therein.

6. The Court retains continuing and exclusive jurisdiction over this Action for the reasons and purposes, and subject to the conditions, set forth in the Court's Approval Order.

FINAL JUDGMENT is hereby entered with respect to the Companies and Individual Defendants in accordance with Federal Rule of Civil Procedure 58 this 27 day of October, 2005.

_____
THE HONORABLE DENNIS M. CAVANAUGH

S:\Settlement\Royal Dutch Shell.set\JGT 00025127.doc

- 3 -